## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| PEGGY R. DAWSON | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **No. 08-2494-KHV** |
| SPIRIT AEROSYSTEMS, INC., | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |
| | ) | |
| ANN L. CONLEY AND | ) | |
| CHECOTAH T. LYDAY-MAYES | ) | |
| | ) | |
| **Plaintiffs,** | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **No. 08-2495-KHV** |
| | ) | |
| SPIRIT AEROSYSTEMS, INC., | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

In Case No. 08-2494, Peggy R. Dawson filed suit against her former employer, Spirit

Aerosystems, Inc., alleging discrimination on the basis of gender and race in violation of 42 U.S.C.

§ 1981.   Ann L. Conley and Checotah T. Lyday-Mayes filed identical claims against Spirit

Aerosystems, Inc. in Case No. 08-2495.[1] Plaintiffs have designated Kansas City, Kansas as place of

trial .  See Complaint (Doc. #1 in Case No. 08-2494) filed October 8, 2008; Complaint (Doc. #1 in

---

[1]     All plaintiffs state that they have filed charges of discrimination with the Equal
Employment Opportunity Commission ("EEOC") and that once the EEOC issues right to sue letters,
they will seek leave of Court to assert claims under 42 U.S.C. § 2000e et seq. See Plaintiff Dawson's
Response To Defendant's Motion To Determine Wichita As Place Of Trial (Doc. #10 in Case No.
08-2494) filed December 3, 2008 at 1;  see also Plaintiffs Conley's And Lyday-Mayes' Response To
Defendant's Motion To Determine Wichita As Place Of Trial (Doc. #9 in Case No. 08-2495) filed
December 3, 2008 at 1-2.

Case No. 08-2495) filed October 8, 2008.  This matter comes before the Court on defendant's <u>Motion To Determine Wichita As Place Of Trial</u> (Doc. #5 in Case No. 08-2494) and <u>Motion To Determine Wichita As Place Of Trial</u> (Doc. #5 in Case No. 08-2495), both filed November 19, 2008.[2]  For the reasons stated below, defendant's motions are overruled.

## Legal Standards

Under D. Kan. Rule 40.2, the Court is not "bound by the requests for place of trial but may, upon motion by a party, or in its discretion determine the place of trial."  In considering motions for intra-district transfer, the courts of this district have generally looked to the factors relevant to change of venue motions under 28 U.S.C. § 1404(a).[3]  <u>See</u> <u>Hartwick v. Lodge 70 Int'l</u>, No. 99-4139-SAC, 2000 WL 970670, at *1 (D. Kan. June 16, 2000) (citing <u>Aramburu v. Boeing Co.</u>, 896 F.Supp. 1063, 1064 (D. Kan.1995); <u>Curtis 1000, Inc. v. Pierce</u>, No. 94-4086-RDR, 1994 WL 478744, at *1 (D. Kan. Aug. 25, 1994)).  In evaluating a transfer under Section 1404(a), the Court considers plaintiff's choice of forum, the convenience of witnesses, the accessibility of witnesses and other sources of proof, the relative advantages and obstacles to a fair trial, and "all other considerations of a practical nature that make a trial easy, expeditious and economical."  <u>Hartwick</u>, 2000 WL 970670, at *1 (citing <u>Chrysler Credit Corp. v. Country Chrysler, Inc.</u>, 928 F.2d 1509, 1515-16 (10th Cir. 1991)).  Unless the balance

---

[2]     On December 31, 2008, the Hon. James P. O'Hara consolidated these cases with <u>Skar v. Spirit Aerosystems, Inc.</u>, No. 08-CV-2493.  <u>See</u> <u>Order Consolidating Cases</u> (Doc. #13 in Case No. 08-2493).  The three matters are consolidated for discovery and pretrial purposes, but not for trial.  Therefore the consolidation is not material to the pending motions.

[3]     Under 28 U.S.C. § 1404, "in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought."  The Court recognizes that the statute is inapplicable on its face as Kansas comprises only one judicial district and division.  The statute provides, however, that "[a] district court may order any civil action to be tried at any place within the division in which it is pending."  28 U.S.C. § 1404(c).

is strongly in favor of movant, plaintiff's choice of forum should rarely be disturbed. <u>Id.</u> (citing <u>Scheidt v. Klein</u>, 956 F.2d 963, 965 (10th Cir. 1992) (quotations and citations omitted)). Furthermore, except for the most compelling reasons, cases are generally not transferred between cities. <u>Bauer v. City of De Soto Ks.</u>, No. 04-4027-JAR, 2004 WL 2580790 *1 (D. Kan. Nov. 3, 2004). The moving

party bears the burden of proving that the existing forum is inconvenient. <u>Id.</u>

### Factual Background

Spirit is a Delaware corporation with its principal place of business and company headquarters in Kansas. All three plaintiffs reside near Wichita in Sedgwick County, Kansas. Plaintiffs formerly worked for Spirit at its manufacturing plant in Wichita. Plaintiffs allege that Spirit terminated their employment on the basis of gender and race. In their complaints, plaintiffs designated Kansas City as the place of trial. <u>See</u> <u>Complaint</u> (Doc. #1 in Case No. 08-2494) at 6; <u>Complaint</u> (Doc. #1 in Case No. 08-2495) at 7. In its motions Spirit asks the Court to determine Wichita as the place of trial.

### Analysis

Defendant argues that the Court should transfer this matter to Wichita because the parties and most witnesses reside there. <u>See</u> <u>Memorandum In Support Of Defendant's Motion To Determine Wichita As Place Of Trial</u> (Doc. #6 in Case No. 08-2494) at 3-4; <u>Memorandum In Support Of Defendant's Motion To Determine Wichita As Place Of Trial</u> (Doc. #6 in Case No. 08-2495) at 3-4. Plaintiffs respond that determining where witnesses reside is premature because the parties have not yet exchanged witness lists, and defendant has not shown that Kansas City is an inconvenient forum. <u>See</u> <u>Plaintiff Dawson's Response To Defendant's Motion To Determine Wichita As Place Of Trial</u> (Doc. #10 in Case No. 08-2494) at 3-4; <u>Plaintiffs Conley's And Lyday-Mayes' Response To</u>

Defendant's Motion To Determine Wichita As Place Of Trial (Doc. #9 in Case No. 08-2495) at 3-4.

## I.      Plaintiff's Choice of Forum

Plaintiffs' choice of forum is generally entitled to great deference.  Scheidt, 956 F.2d at 965. Where plaintiffs' choice of forum is not their residence, however, that consideration receives much less weight.  Wichita Investors, LLC v. Wichita Shopping Ctr. Assocs., No. 02-2186-CM, 2002 WL 1998206, at *1 (D. Kan. Aug. 7, 2002) (citing Ervin & Assocs., Inc. v. Cisneros, 939 F.Supp. 793, 799 (D. Colo. 1996).

Defendant argues that because plaintiffs do not reside in Kansas City, their choice of forum should be given little weight.  In response, plaintiffs admit that they are a residents of Sedgwick County.  Therefore their choice of forum receives less weight.

## II.     Convenience and Accessibility of the Witnesses

Where enormous disparity of convenience exists between trial in Kansas City and trial in Wichita, and all parties, witnesses and sources of proof are located in Wichita, this Court has held that transfer is proper.  See Semsroth v. City Of Wichita, Ks, No. 06-2376-KHV, 2007 WL 2462178, at *2 (D. Kan. Aug. 29, 2007) (citing Benson v. Hawker Beechcraft Corp., No. 07-2171-JWL, 2007 WL 1834010, at *3 (D. Kan. June 26, 2007); Taher v. Wichita State Univ., No. 06-2132-DJW, 2007 WL 1149143, at *2 (D. Kan. April 18, 2007)).  This Court has also delayed transfer decisions until the completion of discovery to fully analyze the issue of convenience and accessibility of designated witnesses.  See Biglow v. Boeing Co., 174 F. Supp.2d 1187, 1195 (D. Kan. 2001); see also Skar v. Spirit Aerosystems, No. 08-2493-KHV, 2008 WL 5232787, at *1 (D. Kan. Dec. 14, 2008) (denying transfer as premature when discovery not complete).

Defendant argues that the parties and most witnesses and relevant documents are located in

Wichita and the surrounding area.   Plaintiffs concede that many potential witnesses reside in Wichita, but assert that transfer is premature because none of the parties have provided witness lists under Rule 26(a).  No one contends that any documents or witnesses will be inaccessible if trial is held in Kansas City.  Unlike in <u>Semsroth</u> and <u>Benson</u>, the record contains no suggestion that the overwhelming majority of potential witnesses are located in or near Wichita.  Defendant is located in Wichita, but its briefs do not establish the location of all other potential witnesses.  The Court cannot effectively evaluate this factor until the parties have completed discovery and exchanged final witness lists.

**III.   Fair Trial**

Defendant argues that a fair trial can be had in Wichita, but does not argue that a fair trial cannot be had in Kansas City.  Plaintiffs argue that it will be difficult to impanel an impartial jury in Wichita because Spirit is one of Wichita's largest employers and because of a well-publicized strike against Spirit in Wichita.   Plaintiffs have failed, however, to explain why a strike against Spirit in Wichita would bias prospective jurors against them.  This Court rejected a similar argument in <u>Aramburu</u>.  <u>See</u> 896 F. Supp at 1064 (ordering trial Wichita rather than Topeka, where only connection to Topeka was location of plaintiff's counsel).  This factor does not weigh in favor of either location.

**IV.   Other Considerations**

Defendant contends that a trial in Wichita would make the most efficient use of the Court's time and that of jurors.  Specifically, Spirit asserts that trial in Wichita would eliminate logistical problems with witnesses traveling three hours each way to Kansas City.  As noted, however, the Court cannot determine the residence of all witnesses at this time.

Plaintiffs assert that the EEOC may decide to become a party to this case.  Plaintiffs note that the EEOC's only Kansas office is in Kansas City, and assert that Kansas City would therefore be a convenient forum for the EEOC. As of now, however, the EEOC is not a party.

Although defendant has set forth a reasonable argument for transfer, on this record the Court cannot conclude that the balance of factors outweighs plaintiffs' choice of forum.[4]  The Court therefore overrules defendant's motions.

**IT IS THEREFORE ORDERED** that defendant's Motion To Determine Wichita As Place Of Trial (Doc. #5 in Case No. 08-2494) filed November 11, 2008 and Motion To Determine Wichita As Place Of Trial (Doc. #5 in Case No. 08-2495) filed November 19, 2008 be and hereby are **OVERRULED**.

Dated this 29th day of January, 2009 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge

---

[4]        Counsel for all plaintiffs is located in Lawrence, Kansas, while defendant's counsel is located in Wichita.  The location of counsel receives little if any weight, however, in considering a motion to transfer. See, e.g., Aramburu, 896 F. Supp. at 1063 (location of plaintiff's counsel in Topeka not sufficient to support trying case in Topeka when witnesses and evidence located in Wichita).